O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4019 PSG (RCx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | Agility Studios LLC v. MC Digital LLC | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Remand Order**

I.   Background

   On May 6, 2009, Agility Studios LLC ("Plaintiff") filed this action against MC Digital LLC ("Defendant") in the Superior Court of the State of California for the County of Los Angeles.  Then, on June 4, 2009, Defendant timely removed this action to this Court on the basis of diversity jurisdiction.  The Complaint and Notice of Removal both alleged that Plaintiff was a California citizen and that Defendant was a Colorado citizen.  However, on review of the Complaint and Notice of Removal, the Court found that the jurisdictional allegations were insufficient because neither party provided information regarding the citizenship of Plaintiff's or Defendant's members.  Accordingly, as this Court determines a limited liability company's citizenship by looking to the citizenship of its members, this Court was unable to determine whether complete diversity exists in this case.

   In light of that concern, the Court, on June 19, 2009, ordered Defendant to show cause in writing no later than July 10, 2009 why this action should not be remanded for lack of subject matter jurisdiction.  *See Order to Show Cause re Remand* (Dkt. # 6).  In its Order to Show Cause re Remand ("OSC"), the Court warned Defendant that a failure to respond would result in the Court remanding this action to state court.

   On July 9, 2009, Defendant filed a Response to the OSC.  However, for the reasons that follow, the Court finds that Response to be inadequate.

II.   Analysis

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4019 PSG (RCx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | Agility Studios LLC v. MC Digital LLC | | |

As the Supreme Court has stated:

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *see also A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  Defendant claims that this Court has diversity jurisdiction over this matter.  However, this Court can only exercise diversity jurisdiction if there is "complete" diversity between the parties and the amount in controversy requirement is met.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a).  Accordingly, as Defendant is the party invoking the Court's jurisdiction, it is up to Defendant to establish, inter alia, that complete diversity exists in this case.

The Court's OSC drew Defendant's attention to the fact that because the Complaint and the Notice of Removal failed to provide information regarding the citizenship of Plaintiff's and Defendant's members, this Court was unable to determine Plaintiff's and Defendant's citizenship.  In an apparent attempt to address this concern, Defendant avers in its Response that each of its eight members are citizens of Colorado.  These members are as follows: Kenneth D. Tuchman, Wendy Kane, Darek Gibbons, Platte Management LLC, Mankwitz Family Investments LLC, Mantucket Capital Management Corporation, Amy S. Reilly, and Insoch Capital LLC.  However, this averment is insufficient for two alternative reasons.

First and foremost, this averment constitutes nothing more than unsubstantiated argument.  Where, as here, jurisdiction is placed in question, this Court requires much more than a simple averment to establish that jurisdiction is proper.  *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) ("Nothing is to be more jealously guarded . . . than [a court's] jurisdiction.").

Second, and more importantly, this Response does not adequately establish Defendant's citizenship.  In this circuit, a limited liability company is a citizen of every state of which its owners/members are citizens, *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), while a corporation's citizenship is determined by its state of incorporation and its principal place of business ("PPOB").  *See* 28 U.S.C. § 1332(c); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990) (listing factors a court is to consider in

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4019 PSG (RCx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | Agility Studios LLC v. MC Digital LLC | | |

determining a corporation's principal place of business).  According to Defendant, its members include three limited liability companies and one corporation, all of whom are supposedly citizens of Colorado.  However, the Court cannot accept this unsubstantiated argument as true.  There is nothing in Defendant's Response that details the members of these three limited liability companies.  There is also nothing in Defendant's Response to help the Court properly determine Mantucket Capital Management Corporation's PPOB.  Absent this information, the Court cannot confirm Defendant's claim that all of its members are citizens of Colorado.

Defendant has now had twenty-one days to provide the requested information to this Court.  Defendant, despite having this information within its control, has failed to do so.  Accordingly, the Court is in the same position it was when it first issued the OSC – it still cannot properly determine whether complete diversity exists in this case.

III.   Conclusion

It was incumbent upon Defendant to establish that diversity jurisdiction exists in this case. *Kokkonen*, 511 U.S. at 377.  Defendant failed to carry its burden.  Accordingly, consistent with its prior warning, the Court hereby REMANDS this case to state court.

**IT IS SO ORDERED.**